FILED
United States Court of Appeals
Tenth Circuit

June 17, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

WILLIS SHANE GORDON,

      Petitioner - Appellant,

v.

SAM CLINE,

      Respondent - Appellee.

No. 18-3210
(D.C. No. 5:17-CV-03184-DDC)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **PHILLIPS**, **McKAY**, and **O'BRIEN**, Circuit Judges.

Petitioner Willis Shane Gordon, a state prisoner representing himself pro se, seeks a certificate of appealability to appeal the district court's dismissal of his § 2254 habeas corpus petition.

Petitioner was charged in Kansas state court of one count each of rape, aggravated kidnapping, attempted robbery, and aggravated battery. The first three counts involved a female victim, while the fourth involved a male victim. The female victim testified at trial that she met up with Petitioner to see an apartment he had told her he would help her

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

to rent, but soon after they entered the apartment, Petitioner threatened her with a knife, attempted to take her phone away from her—breaking it in the process—then forced her to go into a bedroom, where he raped her. When she was able to escape from the apartment, she saw the male victim, who had given her a ride to the apartment earlier that evening, standing outside. The male victim testified at trial that he had come back to the apartment to see if anything was wrong because he was concerned that the female victim had not been answering his phone calls and texts. He testified that soon after he got there, he saw the female victim running out of the apartment wearing nothing and screaming that "he" had raped her. Petitioner then followed the female victim out of the apartment and began chasing her, so the male victim tackled Petitioner. After Petitioner cut him in the face with a knife, the male victim yelled at the female victim to get the knife away from Petitioner. She was able to do so, and then she ran and found other help. The police arrived soon thereafter.

Petitioner did not deny either that he had sex with the female victim or that he was involved in a fight with the male victim. Instead, he testified at trial that the sex was both consensual and paid, that the male victim came into the apartment and attempted to extort him by threatening to have the female victim run out of the apartment crying rape if Petitioner did not give him the rest of the money he was carrying, and that the male victim began the fight with Petitioner and was cut with his own knife when Petitioner tried to defend himself.

The jury found Petitioner guilty on all of the charges against him. He was sentenced to 460 months of imprisonment based in part on his criminal history. The Kansas Court of Appeals affirmed his convictions and sentence on direct appeal. *See State v. Gordon*, No. 103,029, 2011 WL 420743 (Kan. Ct. App. Jan. 28, 2011). Petitioner then filed a pro se state court motion for habeas relief. The state trial court appointed counsel to represent him in the state habeas proceeding, and counsel filed a modified habeas motion. Following a limited evidentiary hearing, the state trial court denied relief. On appeal, the state appellate court held that Petitioner was procedurally barred from raising most of his appellate arguments because these arguments either were required to be brought on direct appeal or had not been properly raised below; however, the court then analyzed several of these claims on the merits and held that they were alternatively subject to dismissal on the merits. *See Gordon v. State*, No. 112,591, 2016 WL 6137901 (Kan. Ct. App. Oct. 21, 2016). The appellate court accordingly affirmed the dismissal of Petitioner's state habeas motion. The Kansas Supreme Court denied certiorari.

Petitioner then filed the instant petition for federal habeas relief. Construed liberally, this petition asserted five grounds for relief: (1) the government violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to provide the defense with (a) photographs taken by a police officer of Petitioner's injured finger, which appeared to have been almost severed by a knife, and (b) a police report detailing the female victim's statements, including her statement that Petitioner's finger was cut because he was holding onto the blade of the knife when she pulled it out of his hands; (2) the prosecutor violated *Doyle v.*

-3-

*Ohio*, 426 U.S. 610 (1976), by asking questions about Petitioner's silence at the time of arrest; (3) trial and appellate counsel were ineffective for failing to realize and/or argue that the government had violated *Brady* and *Doyle*; (4) Petitioner's convictions for rape and aggravated kidnapping were multiplicitous; and (5) Petitioner's sentence was impermissibly increased based on facts not found by a jury. The district court held that the *Brady* claim, *Doyle* claim, and related ineffective assistance claim were all procedurally barred based on the state appellate court's conclusion that Petitioner had not properly raised these claims. The district court considered Petitioner's multiplicity claim on the merits, concluding that Petitioner had not shown that the state court's denial of this claim constituted an unreasonable application of federal law. Finally, the district court declined to consider Petitioner's sentencing claim on the ground that he had only raised it in his traverse, not in his habeas petition. Petitioner seeks a certificate of appealability to appeal the dismissal of all of these claims.

To receive a certificate of appealability for a claim that the district court addressed on the merits—here, only the multiplicity claim—a petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claim[] debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For claims that were dismissed on procedural grounds—all of the other claims in this case—Petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Each

-4-

component of [this] showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Id.* at 485.

We begin by considering Petitioner's argument that the government violated *Brady* by failing to provide the defense with evidence that would have corroborated his self-defense theory. Petitioner does not dispute that he failed to raise this claim in his direct criminal appeal; however, he argues that this procedural default should be excused for cause and prejudice because the *Brady* violations only came to light during his state habeas proceedings and the withheld evidence would likely have had an impact on the jury's verdict. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991) ("[F]ederal habeas review of [procedurally defaulted] claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.").

After reviewing the record in this case, we are persuaded that reasonable jurists could not debate the district court's conclusion that Petitioner failed to satisfy the "prejudice" prong of this test. At trial, all three participants testified that at one point both Petitioner and the female victim had their hands on the knife, and then the female victim pulled it away from Petitioner. It was also undisputed that both Petitioner and the female victim sustained cuts to their fingers, and a police officer agreed that one of Petitioner's fingers was cut badly enough that it was almost to the point of falling off. Petitioner

-5-

argues that if the jury had seen the photographs of his injuries and heard that the victim originally told a police officer that Petitioner's hand was on the blade when she pulled the knife away from him, then the jury would likely have believed his theory of self-defense. We are not persuaded. Contrary to Petitioner's contentions, it was in fact entirely possible for his hand or finger to have ended up on the blade during the course of the struggle even if—as the jury apparently believed—he was the one who originally produced and used the knife. The alleged *Brady* evidence was largely consistent with the evidence introduced at trial, and to the extent it was not, we are not persuaded that it was significant enough to create a reasonable probability that the jury's verdict would have been different if this evidence had been disclosed to the defense. *See United States v. Cooper*, 654 F.3d 1104, 1119–20 (10th Cir. 2011) (holding that defendant seeking new trial based on *Brady* violation must show that suppressed evidence was "material," meaning "there is a reasonable probability that . . . the result of the proceeding would have been different" if the evidence had been disclosed to the defense; evidence that "would have provided only marginal additional support for the defense" fails to meet this standard (internal quotation marks and brackets omitted)).

We turn then to Petitioner's claim that the prosecutor violated *Doyle* by asking questions about Petitioner's silence at the time of his arrest. The district court denied habeas relief on procedural grounds, which Petitioner contests for numerous reasons. We need not consider his arguments on the procedural question, however, because we are persuaded that reasonable jurists could not debate the state court's resolution of this issue

on the merits. *See Slack*, 529 U.S. at 485. The state appellate court held that this claim failed on the merits because defense counsel opened the door by asking Petitioner if the police had ever asked to hear his side of the story, and the prosecutor only introduced rebuttal testimony from a police officer to clarify that the police were not permitted to question Petitioner about the incident—even though they spent some hours together in the hospital room where he was receiving treatment for his injured fingers—because he had invoked his right to an attorney. *See Gordon*, 2016 WL 6137901, at *7–9. Petitioner has not shown that this holding constituted an unreasonable application of clearly established federal law, nor has he shown that it was based on an unreasonable determination of the facts in light of the evidence presented. *See* 28 U.S.C. § 2254(d); *see also United States v. Martinez-Larraga*, 517 F.3d 258, 268 (5th Cir. 2008) ("We, and other circuits, have continued to recognize this 'open the door' or 'reply' exception to *Doyle* . . . ."). We thus conclude that Petitioner is not entitled to a certificate of appealability on this issue.

We are likewise persuaded that reasonable jurists could not debate the state court's resolution on the merits of Petitioner's claim of ineffective assistance relating to the alleged *Doyle* and *Brady* violations. Under the circumstances of this case, the state court could reasonably conclude that Petitioner was not prejudiced by defense counsel's alleged failures to discover or pursue these claims at trial or on direct appeal.

Petitioner's next argument is that his convictions for rape and aggravated kidnapping were multiplicitous and thus contrary to the Supreme Court's decision in *Blockburger v. United States*, 284 U.S. 299 (1932). However, the Kansas appellate court

held, based on the language of the pertinent statutes, that each of these offenses required proof of an element that the other offense did not. *See Gordon*, 2016 WL 6137901, at \*4–5. This is all that *Blockburger* requires, and we see no error in the state court's application of this test to the two offenses at issue here. *See Blockburger*, 284 U.S. at 304; *see also, e.g.*, *Iannelli v. United States*, 420 U.S. 770, 785 n.17 (1975) ("If each [offense] requires proof of a fact that the other does not, the *Blockburger* test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes."). Thus, reasonable jurists could not debate the correctness of the state court's resolution of this issue.

Finally, Petitioner argues that his sentence was impermissibly increased based on facts not found by a jury. The district court did not address this claim because the court believed Petitioner had not raised this argument in his habeas petition. Reading the petition liberally, we agree with Petitioner that this argument was actually raised. Nevertheless, we conclude that Petitioner is not entitled to a certificate of appealability on this issue because reasonable jurists could not debate the state court's resolution of this claim on the merits. *See Slack*, 529 U.S. at 485. Petitioner contends that his sentencing violated the Supreme Court's holding in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." He argues that the Kansas sentencing scheme goes beyond "the fact of a prior conviction" because it considers whether prior offenses were

"person" or "nonperson" offenses and recommends increased sentences for a defendant who has committed "person" offenses. *See* Kan. Stat. Ann. § 21-6811; *see also* Kan. Sentencing Guidelines Desk Reference Manual App. D at 2 (2009). However, it is clear from the record that the sentencing court did not look at the underlying facts of Petitioner's past criminal offenses. Certain prior offenses were classified as "person" offenses based on the statutory elements of those offenses, not based on any individualized factfinding about Petitioner's specific conduct in those cases. Petitioner has not shown that this constituted an unreasonable application of federal law; indeed, this approach appears to be consistent with the Supreme Court's categorical approach for federal courts to apply in determining whether a defendant's prior offense should be characterized as a "violent felony"—a characterization which, like Kansas's "person" characterization of prior offenses, may affect the length of the defendant's sentence. *See Taylor v. United States*, 495 U.S. 575, 600 (1990). Accordingly, Petitioner has not shown that reasonable jurists could debate the state court's resolution of this claim under the deferential standard required by § 2254(d).

We therefore **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge